THE COUNTY OF POPE *et al.*

*v.*

WESLEY SLOAN *et al.*

TAXATION *by counties to pay debts existing at the adoption of the constitution of* 1870—*constitutional law.* Under the provision of the constitution of 1870, that "County authorities shall never assess taxes the aggregate of which shall exceed 75 cents per $100 valuation, except for the payment of indebtedness existing at the adoption of this constitution, unless submitted to a vote of the people of the county," the power to make such assessment in excess of the 75 cents on the $100 valuation, for the purpose indicated, is not exhausted merely because an assessment of that character sufficient to pay all indebtedness existing at the adoption of the constitution has already been made, but such portion of the taxes arising therefrom improperly diverted by the county authorities to other purposes so as to leave some of such indebtedness still unpaid. So long as any of the indebtedness so provided for in the constitution shall remain unpaid, the power of taxation for its payment, in excess of the 75 cents, will continue. If the fund already raised for the purpose has been wrongfully diverted to other purposes, the only remedy is against those guilty of the wrong-doing,—the creditors of the county are not to suffer thereby.

APPEAL from the Circuit Court of Pope county; the Hon. JOHN DOUGHERTY, Judge, presiding.

Messrs. MORRIS & BOYER, Mr. THOMAS H. CLARK, and Mr. W. V. ELDREDGE, for the appellants, argued that the power of the county, under the constitutional limitation, to levy taxes to pay indebtedness existing at the adoption of the present constitution, was not exhausted merely by the levy and collection of a tax sufficient for that purpose, but diverted by the county authorities to other purposes. Counsel insisted the power continued until there was a proper application of the tax levied in satisfaction of the indebtedness.

Mr. WESLEY SLOAN, for the appellees :

The 8th section of the 9th article of the constitution confers upon county authorities of counties in debt at the adoption of the constitution, a power to assess taxes for the payment

12—92 ILL.

of such indebtedness. The amount of county indebtedness existing at the adoption of the constitution is the limitation and extent of that power, and county authorities have no right to exceed it. To assess taxes under the given power for a greater amount than the indebtedness existing at the adoption of the constitution would, to that extent, be a void assessment, as much so as a conveyance not authorized by the power is a void conveyance. See *Welch* v. *Louis et al.* 31 Ill. 457.

The full amount of the county indebtedness existing at the adoption of the constitution, and even $20,000 more than that amount, had been collected and paid by the people of the county before the making of the special assessment now complained of. Consequently the object of the power had been accomplished, and the power itself thereupon ceased. *Smith* v. *Taylor*, 21 Ill. 303.

The throwing together of the taxes assessed for general county purposes, and the taxes assessed to pay county indebtedness, and using them promiscuously, as well for the payment of the current expenditures of the county as for the payment of the county indebtedness, and thus diverting the special tax from its legitimate purpose, was contrary to law. Rev. Stat. 1874, p. 309, secs. 39, 383, 208.

It is urged that the collector was bound to take county orders in payment of the special tax. We think he should have required payment of the special tax in money and in county orders outstanding at the adoption of the constitution. If this had been done this county indebtedness would have been long since paid; but be that as it may, the special tax, however paid, should have been kept separate and applied to the purpose for which it was assessed.

The assessment of 1877, which is sought to be restrained, is based upon the theory that although the entire amount, and $20,000 more than the entire amount, of said county indebtedness has been collected from the tax-payers of the county, still, as there is $8000 of this indebtedness remaining unpaid,

the county authorities had the right to make the assessment of the special tax at the said September term, 1877. If this be so, they may keep this $8000 unpaid for the next decade or longer, as has evidently been done for the last three years, as a pretext for continuing the assessment of the special tax, and applying the proceeds to general county purposes, in utter disregard and contempt of the 8th section of the 9th article of the constitution.

The power conferred by the constitution upon the county authorities to assess the special tax having been exhausted, the validity of the unpaid $8000 is not affected thereby, as it is indifferent to the holders thereof how the money to pay them is raised, so they are paid; and why have they been and why do they remain idle?

If the assessment of $1 on the $100 valuation to pay county indebtedness made at the September term, 1877, of the county board is unauthorized by law, then chancery has jurisdiction to restrain its collection. *Drake et al.* v. *Phillips et al.* 40 Ill. 388; *Veeley* v. *Thompson et al.* 44 id. 9; *Town of Lebanon et al.* v. *Ohio and Mississippi Ry. Co.* 77 id. 539; *National Bank of Shawneetown* v. *Cook et al.* 77 id. 622.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in chancery to enjoin the collector of Pope county from collecting a special tax of $1 on each $100 valuation of property of said county ordered by the county board at its September term, 1877, to be extended against the taxable property of the county for the year 1877, for paying indebtedness of the county existing at the time of the adoption of the present constitution, on the ground that the tax is unconstitutional and unauthorized by law. The court below overruled a demurrer to the bill, and the defendants standing by their demurrer, there was a decree of the relief prayed. The defendants appealed to this court.

Section 8, article 9, of the constitution of 1870, provides as follows: " County authorities shall never assess taxes the

aggregate of which shall exceed 75 cents per $100 valuation, except for the payment of indebtedness existing at the adoption of this constitution, unless submitted to a vote of the people of the county."

It appears from the showing of the bill that the indebtedness of Pope county, at the adoption of the constitution of 1870, did not exceed $30,000, and was about $28,000; that after the adoption of the constitution, the county board of the county during the years 1870, 1871, 1872, 1874, 1875 and 1876, in addition to the taxes assessed for county purposes, also assessed for those years for the purpose of paying county indebtedness existing at the time of the adoption of the constitution the aggregate sum of $56,957.54, from which, deducting $6500 for delinquent taxes, commissions, etc., left a balance of $50,-457.54, which was assessed and collected to pay such county indebtedness, being upwards of $20,000 more than the whole amount of such county indebtedness; that the amount of $8000 of this county indebtedness still remains unpaid, and $28,457.54 of the tax collected to pay such indebtedness has been diverted from its purpose and used for general county purposes unconstitutionally and without authority of law; that the county board, at its September term, 1877, assessed 75 cents on the $100 valuation for county purposes, and $1 on the $100 valuation to pay county indebtedness existing at the adoption of the constitution, said special tax amounting to $13,109.53. The bill alleges that it is unauthorized by law, and that its payment will be enforced by the county collector, unless restrained by the court.

The claim of the bill is, that when the county authorities have once exercised the power to assess a tax in addition to the 75 cents on the $100 valuation, to pay off county indebtedness existing at the time of the adoption of the constitution, and have assessed taxes to the full amount of such indebtedness, and the same have been paid by the tax-payers, then such power of assessment becomes exhausted, and can not be exercised afterward, even though such taxes may have been by the

county authorities diverted from and not applied to the purpose for which they were assessed and collected.

We are unable to concur in this view. So long as there be county indebtedness which was existing at the time of the adoption of the constitution, there may be exercised this power to assess a tax in addition to 75 cents on the $100 valuation, for the purpose of the payment of such indebtedness.

Any former attempt at payment by the county authorities, in the assessment and collection of a sufficient amount of taxes therefor, accomplishes nothing in the way of payment, if the taxes after being collected are misappropriated to some other purpose. The creditor of the county is entitled to payment, and is not obliged to accept anything short, such as the assessment and collection of taxes for the purpose of his payment. He has no dealing with the tax-payers, and if the latter suffer wrong in the misappropriation of the taxes collected from them to pay county indebtedness, the only remedy is against those guilty of the wrong-doing. The tax-payers, and not the public creditors, must bear the loss and inconvenience from the wrongful diversion by county officials of taxes collected.

The proceeding sought to be enjoined is in the interest of creditors of the county to raise the means for their payment, and it should not be defeated because of the misappropriation by county officials of former taxes which had been collected for this same purpose.

Being of opinion the demurrer should have been sustained to the bill, the decree will be reversed, and the cause remanded for further proceedings consistent herewith.

*Decree reversed.*